## CHARLES E. LANGFORD, etc.,

### v.

## DUNCAN MACKAY ET AL.

1. VENDOR AND VENDEE—PURCHASE ON CREDIT—TIME WHEN CREDIT BEGINS TO RUN.—The legal effect of a contract of purchase of an entire bill of goods, not of any specific articles but of goods of a kind, quality and amount specified, on six months' time, is to make the price due and payable in six months from the time of delivery of the entire bill.

2. WRONGFUL DELAY OF DELIVERY—TENDER.—Where the goods are to be delivered at the place of sale and the vendee wrongfully delays the delivery, the vendor may secure his rights by making a tender, which is tantamount to a delivery. In such cases, a setting apart of the goods for the vendee and a notice thereof to him, will be a sufficient tender.

3. EFFECT OF ACQUIESCENCE IN DELAY.—If the vendor acquiesces in the delay of the vendee to call for the goods, without making a tender, he accepts the legal consequences, which is a postponement of the time from which the credit will run.

4. PRIORITY OF LIENS—WHERE MORTGAGE IS PRIOR TO MECHANIC'S LIEN.—A borrows money of B, and for security executes a deed of his farm to B, and takes from B a bond to reconvey upon payment of the amount borrowed. Subsequently A contracts with C for a bill of materials to build a house upon the land. A fails to pay C. Upon action brought, Held, that the lien of the material man is prior to that of the equitable mortgagee as to the building and subject to it as to the land. Where a sale of the premises is necessary, the proportion of the value of the building to that of the whole should be first ascertained and applied to the satisfaction of the claims of the material man.

APPEAL from the Circuit Court of Whiteside county; the Hon. JOHN V. EUSTACE, Judge, presiding. Opinion filed February 9, 1883.

Messrs. J. & W. J. McCoy, for appellant; as to a mechanic's lien, cited R. S. 1874, Chap. 82, §§ 1, 2.

The court, by its decree, creates no lien, it only finds and declares it in existence: Clark v. Moore, 64 Ill. 273, 279.

Whatever interest the owner has in the land at the time of making the contract may be sold: R. S. 1874, Chap. 82, § 21; Reed v. Boyd, 84 Ill. 66.

Langford v. Mackay et al.

Where there is a prior incumbrance on the land the material man has a first lien on the building and a second lien on the premises covered by the incumbrance: R. S. 1874, Chap. 82, § 17; Clark v. Moore, 64 Ill. 273; Northern Presbyterian Church of Chicago v. Jevne, 32 Ill. 214; Croskey v. N. W. M'f'g Co. 48 Ill. 481; Howett v. Selby, 54 Ill. 151.

In such case if the mortgagee succeeds to the title of mortgagor after mechanic's lien has attached, the merger will not defeat the lien: Dobschuetz v. Holliday, 82 Ill. 371; Kidder v. Aholtz, 36 Ill. 478; Gaskill v. Tramer, 3 Cal. 334; Cheney v. Bonnell, 58 Ill. 68.

Where the materials were furnished equitable owner and the legal owner is made party defendant with him, a decree that payment be made by equitable owner and in default by legal owner is proper: Lewis v. Rose, 82 Ill. 574; Singleton v. McBride, 17 Ill. 300.

The question of forfeiture must be raised by plea of limitation and be verified by affidavit: Dumphy v. Riddle, 86 Ill. 22; Crowl v. Nagle, 86 Ill. 437.

Mr. F. D. RAMSAY for appellees; that, if the party who contracts for the material has no title to the premises, but simply a contingent interest, the lien will not attach upon the land, but only upon the interest of said party, cited Hickox v. Greenwood, 94 Ill. 266.

Suit must be instituted within six months as against creditors and incumbrancers: Cook v. Vreeland, 21 Ill. 431; Clark v. Manning, 4 Bradwell, 649; Dumphy v. Riddle, 86 Ill. 22; Crowl v. Nagle, 86 Ill. 437.

Statutes in relation to mechanic's lien are in derogation of the common law and must be construed strictly: Stevens v. Homes, 64 Ill. 336; Rothgerber v. Dupuy, 64 Ill. 452; Canicius v. Merrill, 65 Ill. 57; Belanger v. Hersey, 90 Ill. 70.

Complainants must recover, if at all, upon the theory of their bill, and all questions to be considered must be within the scope of the pleading: Page v. Greely, 75 Ill. 400; Morton v. Smith, 86 Ill. 117; Walters v. Defenbaugh, 90 Ill. 241; Belanger v. Hersey, 90 Ill. 70; Gage v. Reid, 15 Chicago Legal News, 99.

PLEASANTS, J.  On March 6, 1878, the firm of which appellant is survivor filed their petition against appellees to enforce a lien for the price of materials—sawed and dressed lumber and shingles—sold to Wilson to be used in the erection of a house on the N. W., N. E. 8, 22, 5, east, in Whiteside county.  Both defendants appeared but Mackay alone made answer, to which a replication was filed, and upon reference to the master proofs were taken and reported.  From these it appears that Wilson, being then the owner of a farm composed of two hundred acres in section 5, and one hundred and nineteen in section 8 of said township, including the tract above described, on the 2d day of February, 1877, borrowed of Mackay $11,000 for the security of which he executed a deed of said farm, taking back a bond to reconvey upon his payment of that sum with annual interest at ten per cent.  No time was fixed for such payment, but the understanding was that he might retain possession so long as he paid the interest as it accrued.  This was an equitable mortgage.  He had occupied this place with his family during twenty-seven years. It was all fenced, but only the part in section 5 on which were the buildings, was under cultivation.  His son Thomas having come to need a separate residence he made arrangements to erect at once a small frame house on the forty acre tract described.  For that purpose on the 14th of February, 1877, he went to the office of the petitioners in Fulton, where he made out and contracted for the bill of materials here in question. A portion of it was hauled away by his team on the same day and the residue in parcels at different times thereafter—the most of it on the 16th, 17th, 19th, and 21st days of the same month, and the little that remained, being dressed lumber for finishing and casing, not until the 8th day of May.

It amounted in all to $141.87.  The dispute upon the evidence is whether it was to be paid for in six months after all of it should be delivered, as alleged in the petition, or in six months after the date of the contract.  If the latter, then this proceeding, not having been commenced within six months from the time payment was due, would be barred as against

the respondent's mortgage by the limitation prescribed in section 28 of the Lien Act, R. S. 1874, Chap. 82, p. 668.

The circuit court so found, and therefore, while declaring petitioner's claim a lien upon Wilson's interest, ordered that in default of its payment by him as required, the premises be sold subject to said mortgage, and dismissed the petition as to Mackay, with costs.

Upon the point so in controversy, the defendant, Wilson, in his deposition says, " I got it on six months' time "; and George Sardam, who kept the books and attended to sales for the petitioners, and saw to the delivery and made the charges in this case " day and date as the lumber was delivered," after stating the amount of the bill says, " the first was delivered on the 14th of February, 1877, and the last on May 8, 1877, to be paid for in six months from the time he got it." Appellant and Thomas Wilson were also present when the contract was made, but the former was not called as a witness, and the latter was not interrogated on this subject; nor was any explanation or further statement in relation thereto obtained from either of the witnesses named.

The few words above given comprehend the entire evidence on which the controversy hinges. Mackay's counsel claims further that interest was charged from August 14th, and also refers to Sardam's answer to interrogatory tenth: " There has been nothing paid and there is now due $141.87, and interest from August 14, 1877, at six per cent."; but he is mistaken as to the date from which interest was charged, and Sardam's closing statement was evidently a slip of the tongue. The petition, with the account, was filed May 6, 1878, to which time the interest was calculated, presumably by Mr. Sardam, and added to the items for the several parcels of the materials according to the dates of delivery, as it now appears, amounting to $4.24—being at the rate of six per cent. per annum upon $141.87 from November 8th, which was six months, less two days, from the delivery of the last parcel. From August 14th, it would be about $6.15.

The legal effect of a contract of purchase of an entire bill—not of any specific goods, but of goods of a kind, quality or

amount specified—"on six months' time," is to make the price due and payable in six months from the delivery of the entire bill. 2 Parsons on Contracts, 651, 6th ed. If the vendee wrongfully delays the delivery the vendor may secure his rights by making a tender, which is tantamount to it, and if delivery is to be made at the place of sale, as in this case, a setting apart of the goods for the vendee and notice thereof to him would be a sufficient tender. Although a recovery might be had for a part of them, if accepted by the vendee, on a *quantum valebant*, it could not upon the express contract. If the vendor acquiesces in the delay of the vendee to call for them, without making a tender, he accepts the legal consequence, which is postponement of the time from which the credit will run.

Here, the contract, whatever were its terms, was for an entire bill. So much of it as related to delivery or payment applied alike to every part. No specific article was designated by it; only a certain kind, quality and amount were contracted for. It does not appear that there was any setting apart of materials of the description required, or any attempt made to tender such until they were actually delivered in parcels as heretofore stated; and so until then no property passed to the vendee. His delay in calling for the last items until May 8th was not complained of, and the delivery was then completed without objection. Until then he did not get the property he contracted for, and as by the contract he got it on six months' time according to his own testimony, or as the other witness expressed it, to be paid for in six months from the time he got it, we are of opinion that the price was not due until November 8th, which was less than six months before this proceeding was commenced.

From the kind of house to be erected and the preparations made it was doubtless intended and expected that these materials would all be taken away within a shorter time, perhaps within a very few days. Hence, no future time was fixed for their delivery, but they were subject to be called for at once, and the petition not improperly states that by the agreement they were to be delivered immediately. But considering the

distance from Fulton, which is in the southwest part of township 22 N., R. 3; east, the means of transportation, and the season of the year, so liable to be unfavorable for hauling, it would naturally occur to the parties that some delay might take place, and therefore that the credit intended should be given from the date of full delivery, especially since it would be in the power of the vendor to prevent any unreasonable delay by making tender at any time in the manner above indicated.    And if this was in fact done, as we think the evidence shows, the finding of the circuit court was contrary to the evidence, and the decree erroneous.

The petitioner's lien should have been declared to be prior to that of the mortgage as to the building, and subject to it as to the land, and of the proceeds of the sale of the premises, in case a sale should become necessary, that proportion thereof, which the value of the building bore to that of the whole, to be first ascertained, ordered to be applied to the satisfaction of their said claim and costs.

The value of the building is shown by the evidence already taken to be $433, which is more than sufficient for that purpose; and it also appears that pending this proceeding, and before decree made, Wilson surrendered his equity of redemption to Mackay, who now holds both the legal and the equitable title.    It will therefore probably be unnecessary to ascertain the proportion of the mortgage debt for which the forty acres in question ought to be treated as security.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.